## CIRCUIT COURT OF LOUISA COUNTY

Merial Copenhaver

v.

Wesley J. Davis

September 16, 1992

Case No. (Law) 2819

BY JUDGE F. WARD HARKRADER, JR.

A careful review of § 8.01–66.1(D)(1), its legislative history, and its interstatutory relationship provides no indication of a legislative intent to exclude underinsurance contracts from the general provisions of the section. We consequently conclude that they are covered. We must agree with counsel for the plaintiff in his contention that reason dictates that the legislature intended that the trial judge in the liability action be responsible for making a determination concerning any allegations of bad faith. We conclude that this Court has jurisdiction over GEICO in an action for the adjudication of bad faith tort claims brought under § 8.01–66.1(D)(1). We further believe that both the language of the statute and the legislative history are clear that the statute was intended to provide and does provide a remedy for pre-trial bad faith behavior by insurance companies.

In regard to the request for production of documents and subpoena duces tecum, to which objections to production have been raised, both on the grounds of attorney-client privilege and work product, it would appear that it will be necessary for the Court to receive and review these materials in camera to determine which, if any, might of needs be denied to the plaintiff on the grounds stated, and, as to those which might be legitimately denied on the work product basis, which, if any, could be obtained by the plaintiff through other means.